# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed February 13, 1925.

THE MARYLAND WRECKING & EQUIPMENT CO., A BODY CORPORATE,

VS.

THE NEWS PUBLISHING CO., A BODY CORPORATE.

*Rosenbush & Bernstein* for plaintiff.

*Redmond C. Stewart* and *Wm. L. Henderson* for defendant.

SYMINGTON, J.—

By written contract dated March 14, 1922, the Western Maryland Dairy agreed to sell certain real estate and buildings to the News Company, reserving the right to remove, before the date of transfer, "all machinery and equipment located therein." Before the date of transfer, but after the signing of the contract, the Dairy sold to the Wrecking Company its right to remove certain of this machinery and equipment upon the express condition that it should be removed prior to January 15, 1923. Apparently disregarding this condition, the Wrecking Company sold to one Klaff, the equipment it had bought from the Dairy, agreeing to deliver it to Klaff "on or before April 1st."

The deed was delivered to the News Company and recorded on January 17, 1923.

Not only did the Wrecking Company fail to remove the equipment by January 15th, as it had agreed to do, but it had only removed a small part of it when ordered to stop work by the News Company on February 17th.

Clearly the Wrecking Company could have no better title to the equipment than the Dairy had, and if the Dairy's title was contingent on removal prior to January 15th, the title of its grantee was also divested by failure to remove by that date.

If the Wrecking Company had no title to the equipment after January 15th, it cannot complain that its removal from the premises of property that did not belong to it was stopped by the owner on February 17th, instead of on January 16th.

Conceding for the sake of argument, that the News Company took the property with notice of the "rights" of the Wrecking Company, as might with more force be argued if these rights had been given before instead of after the contract for the sale of the land and buildings had been executed, what were those "rights"? They had been completely extinguished by failure to remove the equipment by January 15th.

Conceding also, for the sake of argument, that the construction placed by the counsel for the plaintiff on the language of the Court of Appeals is correct, it must be remembered that no appeal having been taken from the directed verdict in favor of the News Company on the former trial below, any reference to the News Company in that opinion is obiter dictum and therefore could not be considered as controlling in this case.

Defendant's prayer will be granted.